WaRdlaw, Ch.
delivered the opinion of the Court.
The appellants present objections, in various forms, to the evidence of delivery of Remley’s deed of June 6, 1831; but their course of pleading in the suit dispensed with any proof of this fact. In their bill, they expressly state the execution of this deed and the delivery of it to the defendant, Telfer, and call for the production of it by him. When the deed was produced upon this demand no proof of its execution was needed; and it seems none was required on the trial. If proof of the deed were necessary, it is furnished in the explicit and unequivocal recognition of the deed by the grantor in his will; and the will is admitted by both parties. Our cases have settled, as to parol gifts, that from the declaration of a donor that he has given a chattel, it must be presumed that he has given-with all the formalities necessary to transfer the title. So, where one by his will recognizes and confirms a deed, he establishes the sealing and delivery of it against all who claim as volunteers under him. The notions suggested in some of the grounds of appeal, — that a deed cannot be delivered where the grantee is ignorant of its existence, and that actual delivery of the chattels must be super *438 added to their symbolical delivery by deed. — have not sufficient plausibility to require refutation..
If the execution of this deed be established, there is an end of the plaintiffs’s case. Several decisions by the ultimate tribunal of this State, (Carmille vs. Carmille, 2 McM. 454; McLeish vs. Burch, 3 Strob. Eq. 225 ; Vinyard vs. Passalaigue, 2 Strob. 536,) leave us no right to question, that a conveyance of slaves by deed, upon such trusts as are here declared, passes the title to the grantee practically discharged from the trusts, whether these be legal or illegal. If the trusts be legal, as they were held to be in cases like the present not governed by the Act of 1841, which made them unlawful, the beneficiaries being slaves could have no standing in Court to compel the execution of the trusts, which were thus of imperfect obligation, depending upon the benevolence of the trustee. If the trusts be considered illegal, they, are simply void, and do not impair the title of the trustee as owner.
The case of the plaintiffs would not be helped, if we should concede the doctrine of these cases to be erroneous; and that as no beneficial interest was conferred upon the trustee, there was a resulting trust to the grantor, which upon his death enured to his next of kin. Remley’s will, which, although executed co-temporaneously with the deed, speaks at the death of the testator in September, 1839, ratifies the deed ; and this ratification may be treated as amounting to waiver and abandonment by the grantor of any interest resulting to him, and through him to his next of kin. The Court would be inclined to lay hold of any such defence, where one comes to he relieved against his own act as contrary to the policy of the law.
This recognition of the deed by the grantor in his will, satisfactorily disposes of the objection to the decree, that the grantor’s possession of the slaves for eight years from the date of the deed until his death, reinvested him with title, by operation of the statute of limitations. It is impossible to regard that possession as adverse, and effectual to defeat the party’s former *439 deed, when he declares at his death through his will that the possession was always in subordination to the deed.
If the title to the slaves was in Remley at his death, and Tel-fer’s ownership rested on his manucaption of them as unlawfully manumitted, there would he much force in the argument, that his office of executor, whensoever he qualified, was assumed at the death of the testator; and that his manucaption was in his character as executor, and consequently, his legal title impressed with a trust for the legatees, or distributees, accordingly as the deceased was testate or intestate as to these slaves. It would not be equitable to press a fiction of law, such as the retroactive operation of probate of a will from the death of a testator, to work injury to an individual against the right of the case; but here the seizure was after the institution of proceedings to compel the executor to make probate of the will, and the fiction would lead to no unconscientious results. It is unnecessary, however, to determine any thing on this point, as we hold the deed to bar the plaintiffs.
For the same reason, we avoid expressing the judgment of the Court on the question as to the bar of the former decree; but some suggestions on this point may be allowed. A former decree between the same parties, or their privies, as to the same subject matter, is a bar to further litigation, although it be merely a decree dismissing the bill, unless it be expressed that the dismissal is without prejudice; 2 Story Eq. §1523. In this case, the parties are the same as in the former suit; the subject of controversy is the same, except that plaintiffs allege their discovery of the existence of the deed since the termination of the former suit, and the decree dismissing the bill is absolute in its terms, although proceeding on the ground that there was no evidence of Telfer’s having ever had possession of the slaves. The reasons on which the Court proceeds in its judgment, usually do not control the extent of the judgment, which is conclusive as to all matters that should then be brought into litigation. Does the discovery of new evidence of itself remove the bar of a former decree, or only serve as a basis for a bill of review 1 Is the *440 evidence in question here, in fact newly discovered, or such as proper diligence on their part would have enabled the plaintiffs to use on the former trial ?
The plaintiffs must have had some inkling of the deed when they filed their bill in the former suit, for that contains various charges concerning such a deed; and in the progress of the cause, they might have obtained fuller information concerning the deed, for a copy of the will was filed with defendant’s answer to the first bill, and the will has explicit reference to the deed. It is more satisfactory to the Court, however, to decide against the plaintiffs on the merits of their case as now presented, than to estop them by a technical bar.
It is ordered and decreed that the appeal be dismissed, and the circuit decree be affirmed.
Johnston, Dunkin and DaRgan, CC. concurred.

Appeal dismissed.